# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

     Plaintiff,

     v.                              Case No. 07-Cr-0313

JAMES T. MORRIS,

     Defendant.

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE
## HONORABLE J. P. STADTMUELLER

## NATURE OF CASE

On December 4, 2007, a federal grand jury sitting in this district returned a two-count indictment against defendant James T. Morris. The defendant is charged in Count One with knowingly attempting to transport a fifteen-year-old girl in interstate commerce from the State of Oregon to the State of Wisconsin for the purpose of engaging in illicit sexual activity in violation of 18 U.S.C. § 2423(a) and (e). Count Two charges the defendant with using a facility and means of interstate commerce to knowingly attempt to persuade, induce, entice and coerce a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b).

On December 4, 2007, the defendant appeared before this court, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, the defendant has filed a motion to dismiss the indictment (Docket #16) and a motion to adjourn the trial date. (Docket #21). The motion to adjourn the trial will be addressed by United States District Judge J.P. Stadtmueller. The motion to dismiss the indictment will be addressed herein.

## MOTION TO DISMISS INDICTMENT

The defendant asserts that the indictment is subject to dismissal because there is no minor, that is a person under the age of eighteen, involved in the case. The defendant states that 18 U.S.C. § 2256(1) defines a "minor" as any person under the age of eighteen, but that the United States Sentencing Guidelines (U.S.S.G.) has a more expanded definition which, in part, defines a "minor" as an individual who has not attained the age of sixteen or an undercover law enforcement officer who represented to a participant that the officer had not attained the age of sixteen. U.S.S.G. § 2A3.2, commentary n. 1. The defendant points out that under the Sentencing Guidelines, a victim can include an undercover law enforcement officer who represented to a participant that the officer had not attained the age of sixteen, but does not include a non-law enforcement officer posing as a minor.

In this case, the parties agree that in October 2007, a mother in the State of Washington began chatting with the defendant online and created an identity which reflected that she was a fifteen-year-old female. The conversations, which continued for several weeks, included discussions of sex. On November 2, 2007, the mother contacted the Federal Bureau of Investigation (FBI) and reported the defendant's activities. According to the government, FBI agents then assumed the online identity of the fifteen year old and continued chatting with the defendant. In early November 2007, the defendant sent a bus ticket to the minor.

In moving for dismissal, the defendant relies on United States v. Mitchell, 353 F.3d 552 (7th Cir. 2003). In Mitchell, the defendant plead guilty to traveling in interstate commerce with the intent to engage in a prohibited sexual act with an undercover agent whom he believed to be a fourteen-year-old girl, in violation of 18 U.S.C. § 2423(b). The district court, over the defendant's objections, applied a two-level sentencing enhancement for behavior which "unduly

- 2 -

influenced the victim to engage in prohibited sexual conduct." Id. at 555 (referencing U.S.S.G. § 2A3.2(b)(2)(B)).

The defendant's reliance on Mitchell is misplaced. The court in Mitchell was addressing the applicability of the two level enhancement under U.S.S.G. § 2A3.2(b)(2)(B) for unduly influencing a minor to engage in sexual conduct. After a discussion of the wording of the relevant guideline and definitions of "undue influence," the court held that the plain language of the Sentencing Guidelines did not apply in the case of an attempt where the victim is an undercover police officer. The court did not address the issue of whether an actual minor, not a fictional minor, is required to support the charge in the indictment

In United States v. Cote, 504 F.3d 682 (7th Cir. 2007), the court found that the defendant could be charged and convicted for violating § 2422(b) even though the person the defendant believed was a juvenile was, in fact, an adult. The court explained that the defendant in Cote was prosecuted under the "attempt" provision of the statute and that the government's burden in such a case is to demonstrate, beyond a reasonable doubt, that the defendant intended to undertake one of the proscribed acts with respect to a minor. "In short, the attempt provision, like other attempt provisions, requires that the defendant specifically intend to induce, entice or coerce a minor." Id. at 687.

The court observed that this view is "merely an application of the well-established principle that factual impossibility or mistake of fact is not a defense to an attempt charge." Id. (citing United States v. Cotts, 14 F.3d 300, 307 [7th Cir. 1994] ["That (defendant) and his co-plotters ultimately could not have murdered the fictitious informant does not diminish the sincerity of any efforts to accomplish that end. Futile attempts because of factual impossibility are attempts still the same."]). The court explained that for an "attempt" conviction, the

- 3 -

government must prove that a defendant acted with the specific intent to commit the underlying crime and that he took a substantial step towards completion of the offense. Cote, 504 F.3d at 687 (citing United States v. Johnson, 376 F.3d 689, 693 [7th Cir. 2004]; Cotts, 14 F.3d at 308).

Other courts which have considered the issue have also concluded that a defendant can be convicted of violating § 2422(b) even though the defendant erroneously thought that the person he was involved with was an adult. See e.g., United States v. Meek, 366 F.3d 705, 720 (9th Cir. 2004) (In upholding the conviction, the court held that "an actual minor victim is not required for an attempt conviction under § 2422[b]." [citation omitted]); United States v. Root, 296 F.3d 1222, 1227 (11th Cir. 2002); United States v. Farner, 251 F.3d 510, 513 (5th Cir. 2001); see also, United States v. Brand, 467 F.3d 179, 202 (2nd Cir.2006); United States v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000). United States v. Sims, 428 F.3d 945, 959 (10th Cir. 2005).

In this case, the defendant attempts to distinguish the cases by asserting that they involved a law enforcement officer posing as a minor, not a non-law enforcement adult citizen. However, he cites no authority for this proposition. Rather, he asserts, without citation, that Congress has not defined a "victim" to include a non-law enforcement adult citizen. Given the weight of authority in this circuit and elsewhere, the defendant's contentions are without merit. Based on the foregoing, the court concludes that it is not necessary for an actual minor to be involved in an "attempt" offense under § 2422(b) or § 2423(a) and (e). Accordingly, the court will recommend that the defendant's motion to dismiss the indictment be denied,

- 4 -

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant James T. Morris' motion to dismiss the indictment. (Docket # 16).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 28th day of January, 2008.

BY THE COURT:


    s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

Case 2:07-cr-00313-JPS   Filed 01/28/08   Page 5 of 5   Document 23