**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 07-CR-313

JAMES MORRIS,

        Defendant.

## ORDER

On December 4, 2007, a grand jury sitting in the Eastern District of Wisconsin returned a two-count indictment charging James Morris with knowingly attempting to transport a minor in interstate commerce for the purpose of engaging in illicit sexual activity in violation of 18 U.S.C. § 2423(a) and (e) (Count One); and using a facility and means of interstate commerce to knowingly attempt to persuade, induce, entice, and coerce a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) (Count Two). Morris was arraigned before Magistrate Judge Patricia Gorence and entered pleas of not guilty to both charges. On January 7, 2008, Morris, through his attorney, filed a motion to dismiss the indictment pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure. On January 28, 2008, Magistrate Gorence issued a recommendation to this court that Morris' motion should be denied. Morris has filed an objection to the recommendation and the government has filed a response.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate judge may consider dispositive motions, such as motions to suppress, and issue recommendations to the district judge regarding the motions. *See id.* When a party objects to a magistrate's findings, the district court judge must make *de novo* determinations as to these findings. *See id.* § 636(b)(1)(C); *see also Delgado v. Bowen,* 782 F.2d 79 (7th Cir. 1986). The district court may adopt the recommendation in part or in its entirety and has the final authority of judgment in the case. *Delgado*, 782 F.2d at 82. For the reasons set forth below, the court is obliged to adopt Magistrate Gorence's recommendation in its entirety and deny Morris' motion to dismiss the indictment.

## BACKGROUND

The complaint against Morris, filed on November 16, 2007, extensively details his criminal conduct and alleged violations of 18 U.S.C. §§ 2423 & 2422. On November 2, 2007, the Milwaukee FBI office received a telephone call from a resident in Washington state, who subsequently identified herself as Cheyenne Runningwolf. She stated that she had recently created an online "MySpace" page with the username "Sugar and Spice." On her MySpace page, Runningwolf indicated that she was a 15-year-old girl from Portland, Oregon.

Shortly after Runningwolf created her MySpace page, she received a message from username "banjo1914" asking her if she would like to chat. Runningwolf told banjo1914 she was a 15-year-old girl named Kandice from Portland, Oregon. Banjo1914 identified himself as James Morris from Princeton,

Wisconsin. Over the next few weeks, Morris and Kandice engaged in sexually explicit chats and emails. Morris sent Kandice sexually explicit photographs of himself and requested that Kandice do the same. During their conversations, Kandice continually referred to herself as a "kid," expressed several concerns about her mother finding out she was chatting with Morris, and further stated that when she turned 18 she would have money.

After many conversations, Morris asked Kandice if she would come to Wisconsin to engage in sexual activity with him. Kandice initially responded that this would not be financially possible, but, after further discussions, Morris agreed to purchase a bus ticket for her from Oregon to Wisconsin. The two talked about Kandice remaining in Wisconsin permanently, living with Morris, and eventually marrying him.

On November 7, 2007, the bus ticket Morris and Kandice had previously discussed arrived in Portland, Oregon, addressed to "Kandice TwoFeathers, care of Monty Herron." FBI Agents spoke with the Greyhound Bus Line and confirmed that the bus ticket was purchased in Madison, Wisconsin, on November 4, 2007. FBI agents obtained consent to assume the online persona of Kandice and continued to correspond with Morris to corroborate Runningwolf's information. A review of the messages sent between Morris' and Kandice's MySpace accounts corroborated that Morris had purchased the bus ticket for Kandice to travel from Portland, Oregon, to Madison, Wisconsin. Other messages demonstrated the sexual nature of their conversations, and Morris reassuring Kandice that he would

provide her with false identification to insure that her mother would not find her. A subpoena was issued directing MySpace to identify the username "banjo1914." On November 14, 2007, MySpace provided its response indicating that the user name associated with this profile was Jim Morris of Princeton, Wisconsin.

## ANALYSIS

In Morris' motion and objection to the recommendation, he argues that the indictment charging him with violations of 18 U.S.C. §§ 2422 and 2423 must be dismissed for failure to charge an offense. Specifically, Morris argues that because no minor or law enforcement officer was involved in his chat conversations, the indictment must be dismissed.

The Federal Rules of Criminal Procedure require than an indictment "be a plain, concise, definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. Pro. 7(c). The Seventh Circuit has held that an indictment is sufficient if it: (1) states the elements of the crime charged, generally tracking the statutory language of the offense; (2) adequately apprises the defendant of the nature of the charges so that he may prepare a defense; and (3) allows the defendant to plead to the crime so as to prevent future prosecutions for the same offense. *See United States v. Sandoval,* 347 F.3d 627, 633 (7th Cir. 2003).

Section 2423 states in relevant part:

Whoever attempts to knowingly transport an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. §§ 2423(a) & (e).  Section 2422 states in relevant part:

> Whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 2422(a).  Morris' indictment clearly tracks this statutory language, as count one, charging him with a violation of § 2423, states that Morris

> knowingly attempted to transport a fifteen year old girl in interstate commerce, that is, from the State of Oregon to Wisconsin, for the purpose of engaging in illicit sexual activity, to wit: a sexual act (as defined in Title 18 United States Code, Section 2246) with a person under eighteen years of age, and said sexual act would be in violation of Chapter 109A of Title 18, United States Code, specifically Title 18, United States Code, Section 2243, if the sexual act occurred in a special maritime and territorial jurisdiction of the United States.  All in violation of Title 18, United States Code, Sections 2423(a) and (e).

(Morris Indictment, Docket # 8.)  Similarly, count two of the indictment charges that Morris

> used a facility and means of interstate commerce to knowingly attempt to persuade, induce, entice, and coerce a minor to engage in sexual activity, for which any person can be charged with a criminal offense, namely, under Wisconsin Statute 948.02(2), second degree sexual assault of a person who has not attained the age of 16 years.  All in violation of Title 18, United States Code, Section 2422(b).

(*Id.*)  Both counts of the indictment track the statutory language of Sections 2422 and 2423 fairly closely; therefore, the court notes that as a primary consideration, the indictment against Morris appears to be sufficient.  *See United States v. Delatorre*, 522 F. Supp. 2d. 1034, 1045 (N.D.Ill. 2007) (holding that an indictment is generally sufficient when the offense charged in the indictment tracks the words used in the

statute itself, so long as those words expressly set forth all elements necessary to constitute the offense intended to be punished).

Despite the facial sufficiency of the indictment, Morris argues that statutory and United States Sentencing Guidelines definitions together with the Seventh Circuit's holding in *United States v. Mitchell*, 353 F.3d 552 (7th Cir. 2003), provide support for dismissal because Congress failed to define "victim" broader than an actual minor or law enforcement officer. In other words, Morris argues that to sustain a conviction, the government must show that a "victim" was involved in the crime, as defined by Congress and the United States Sentencing Commission. If the government does not do this, Morris argues, they have failed to prove central elements of the offense.

Morris first notes that the statutory and United States Sentencing Guidelines definitions of the word "minor" in reference to these crimes support his argument that the indictment must be dismissed. The court does not dispute Morris' position about the manner in which the word "minor" is defined. Indeed, Morris accurately cites 18 U.S.C. § 2256(1)'s definition of minor as "any person under the age of eighteen." Morris also correctly supplied the United States Sentencing Guidelines definition of minor as:

> (A) an individual who had not attained the age of 16 years; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (I) had not attained the age of 16 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 16 years.

U.S.S.G. § 2A3.2, cmt. n. 1.  Despite Morris properly citing these definitions, the court disagrees with Morris' conclusion that these definitions, when applied to the underlying facts, establish that no crime was committed.

Morris' argument is contrary to case law holdings on convictions under these statutes.  While the court appreciates that the Sentencing Guidelines and federal statutes do not broadly define "minor" or "victim," courts have continually held that to establish the elements of the offenses under sections 2423 and 2422, the relevant factor is that the defendant believed a minor was involved, not the factual reality at the time. *See, e.g.,United States v. Johnson,* 376 F.3d 689, 694 (7th Cir. 2004). Therefore, the relevant inquiry is to determine whether or not the defendant *believed* he was communicating with a minor or victim as defined by the statutes, not if the individual the defendant was communicating with truly fits the definition.  *See Untied States v. Meek*, 366 F.3d. 705, 720 (9th Cir. 2004) (upholding a conviction under § 2422(b) when the defendant mistakenly believed he was communicating with a minor as statutorily defined). More importantly, courts have held that focusing on the subjective belief of the defendant squares with Congress' intent in enacting these statutes.  *See United v. Tykarsky*, 446 F.3d 458, 466 (3rd Cir. 2006).  Indeed, the "attempt" provision of the statutes "underscores Congress's effort to impose liability regardless of whether the defendant succeeded in the commission of his intended crime."  *Meek*, 366 F.3d at 718; *see also Tykarsky*, 466 F.3d at 466-67 (noting that interpretation of "§ 2422(b) to require the involvement of an actual minor would render the attempt provision largely meaningless").  Morris' argument that the

exclusion of the definition "civilian adult posing as a minor" warrants dismissal does not square with case law interpretation or legislative intent.

Furthermore, the court concurs with the magistrate's finding that Morris' reliance on *Mitchell* is misplaced, and Morris' objections at this ground must be overruled. In *Mitchell,* the defendant was convicted for traveling in interstate commerce with the intent to engage in an illicit sexual act with a 14-year-old girl. Like Morris, unbeknownst to Mitchell, he was actually in communication with an adult posing as a minor. At sentencing, the district court imposed a two-level enhancement pursuant to § 2A3.2(b)(2)(B), which provides for such an enhancement when the defendant unduly influences a minor under the age of sixteen to engage in prohibited sexual conduct. The Seventh Circuit reversed and remanded for resentencing and held that § 2A3.2(b)(2)(B) does not apply in situations of an attempt when the "victim" is actually an undercover law enforcement agent. *Mitchell*, 353 F.3d at 554. Key to the Seventh Circuit's holding was the term "unduly influenced" in the application guideline; the court noted that "the language of the enhancement is in the past tense; an honest reading of the plain language of the guideline would indicate that it could not apply where the participant had either failed in his attempt to influence the victim or where the two otherwise had not engaged in prohibited sexual conduct." *Id.* at 556. *Mitchell* does not stand for the proposition that because no minor was actually involved, then no crime was committed; rather, the court held that it is inappropriate to apply the § 2A3.2(b)(2)(B) enhancement when a defendant and a putative minor/victim do not actually engage

in sexual conduct. While the court notes that it would likely be inappropriate to enhance Morris' sentence under this provision if he were convicted, it does not find that anything in *Mitchell* supports dismissal of the indictment.

Morris also argues that the magistrate erred in determining that *United States v. Cote*, 504 F.3d 682 (7th Cir. 2007) and *Meek* support a denial of his motion to dismiss the indictment because both of those cases involved law enforcement officers posing as minors, not civilian adults posing as minors as Runningwolf did. Similar to his previous arguments, Morris' objection argues that because "victim" does not include a non-law enforcement adult citizen posing as a minor, his conduct does not run afoul of the law.

Courts addressing similar arguments have consistently held that in those situations involving an attempt, an actual minor victim is not required for purposes of conviction; the government need only prove that the defendant believed that a minor was involved. *See, e.g., United States v. Cochran*, 510 F. Supp. 2d. 470, 475 (N.D.Ind. 2007) (noting that a defendant may be convicted even if the attempt is made toward someone whom defendant believes is a minor).

As stated in the indictment, Morris is charged with the "attempt" to commit the crimes set forth in §§ 2423 & 2422. "Attempt" and "impossibility" as discussed in Corpus Juris Secundum are illustrative in the court's analysis:

> [I]t is the intent to commit a crime, not the possibility of success, that determines whether an act or omission constitutes the crime of attempt. . . . [T]he accused's belief in the external circumstances, not the true reality of the circumstances, is to control the necessary proof to establish an attempt to commit a particular crime, as the focus of attention in determining whether the crime of attempt has been

> committed is the culpability of the accused and not the facts or legal issues.

22 C.J.S. *Impossibility* § 151 (2008); *see also* 22 C.J.S. *Attempts* § 148 (2008).[1]
Therefore, the focus must be on Morris' belief that Kandice was actually a minor, not the fact that she was an adult civilian or law enforcement officer.

The magistrate and the Seventh Circuit in *Cote* properly noted that to be charged and convicted for an attempt crime, the defendant must act "with the specific intent to commit the underlying crime [and take] a substantial step towards completion of the offense." *Cote*, 504 F.3d at 687. To sustain a conviction under Sections 2423 and 2422, the government must show that the Morris "intended to entice a person *whom he believed to be a minor* into sexual acts." *See Id.* at 687-88 (emphasis added).

Furthermore, it is not necessary that the crime involve a minor or even a law enforcement officer posing as a minor because the inquiry still focuses on the defendant's belief, even if incorrect, that he was communicating with a minor. In *United States v. Sims,* 428 F.3d 945 (10th Cir. 2005), the Tenth Circuit held that a defendant's communication with fictitious minors was not grounds for a defense, reversal of the conviction, or dismissal. In *Sims*, the defendant began an ongoing and sexually explicit chat room conversation with two individuals he believed to be a 16-year-old girl named Sue and a 12-year-old girl named Kate. However, "Sue" and "Kate" were actually a middle-aged man name Michael Walker, who lived in

---

[1] Although Morris contends that he is not arguing factual or legal impossibility, these concepts are relevant to the court's determination that dismissal of the indictment is not warranted.

Missouri and had assumed their online personas as a gag. *Id.* at 950. When Sims began suggesting that he travel to Missouri (from New Mexico, where he resided) to engage in illicit sexual acts with Sue and Kate, Walker reported their internet conversations to the National Center for Missing and Exploited Children. The local police and FBI soon became involved, and Sims was ultimately arrested and federally charged. The Tenth Circuit affirmed Sims' convictions under 18 U.S.C. §§ 2422(b), 2423(b), 2252(a)(1), and 2252(a)(2). *See id.*

Like Morris, Sims was not communicating with law enforcement, or even an actual minor. Nevertheless, the Tenth Circuit affirmed his conviction because "'[f]actual impossibility is generally not a defense to criminal attempt because success is not an essential element of attempt crimes.'" *Id.* at 959-60 (quoting *United States v. Hankins*, 127 F.3d 932, 934 (10th Cir. 1997). The *Sims* court further stated that it agreed "with our sister circuits that this general rule applies to the case at bar – that is, it is not a defense to an offense involving enticement and exploitation of minors that the defendant falsely believed a minor to be involved." *Id.* at 960 (internal citations omitted). Moreover, courts have even sustained convictions when the defendant was not even communicating with an individual, but an organization, if evidence established that the defendant believed he was communicating with a minor. *See United States v. Kaye*, 243 Fed. Appx. 763, 768 (4th Cir. 2007) (upholding a conviction and sentence where the defendant, who believed he was communicating with a 13-year-old boy, was actually communicating

with members of "Perverted Justice," an online organization dedicated to exposing adults who use the internet to seek sexual activity with children).

The court finds that because Morris was charged with attempt under Sections 2423 and 2422, it is not necessary that an actual minor or law enforcement officer posing as a minor be involved. As noted above, Morris satisfies the *mens rea* element of these crimes if he believes, albeit erroneously, that Kandice was a minor. The court is, therefore, constrained to overrule Morris' objections and deny his motion to dismiss.

Accordingly,

**IT IS ORDERED** that Magistrate Gorence's recommendation [Docket #23] be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that James Morris' motion to dismiss the indictment [Docket #16] be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of February, 2008.

BY THE COURT:

*/s/ J.P. Stadtmueller*
J.P. Stadtmueller
U.S. District Judge